```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION


BOBBY L. JOHNSON                                              PLAINTIFF


VERSUS                              CIVIL ACTION NO. 5:08cv207-DCB-JMR


WILLBROS CONSTRUCTION (U.S.), LLC,
KENNETH THOMAS and JOHN DOES 1-5                             DEFENDANTS
```

**ORDER**

This cause is before the Court on the defendants' Motion to Exclude the Expert Testimony of James Hannah [docket entry no. 67] and Motion to Exclude Expert Testimony of William Messerschmidt [docket entry no. 65] and the plaintiff's Motion in Limine [docket entry no. 78] to exclude a Willbros Construction Equipment Information Report. Having considered the motions, the responses thereto, and applicable law, the Court finds and orders as follows:

This case involves two differing accounts of a head-on collision. According to the plaintiff, as he was driving down a Mississippi highway, he encountered the defendants' bus which had veered into his lane of traffic. The plaintiff claims that, in order to avoid a collision, he swerved into the bus's lane of traffic. Then, the plaintiff recounts, the bus corrected back into its own lane thereby causing the collision. Quite differently, the defendants maintain that their bus never left its own lane of traffic and that the plaintiff had crossed into the wrong lane and caused the accident.

Expert Testimony of James Hannah

The defendants move to exclude from trial the testimony of the plaintiff's expert, James Hannah, an undisputed expert in the field of accident reconstruction. Hannah has formed opinions regarding the following aspects of the case: the conditions of the road at the time of the accident; the pre-impact speeds of the vehicles; the pre-impact and post-impact maneuvers of the vehicles; the relative ability of each driver to avoid the collision based on average perception and reaction times; and an overall opinion regarding which driver caused the accident in question.

In a Daubert hearing held on June 8, 2009, this Court ruled that there was insufficient evidence to support Hannah's opinions about the pre-impact maneuvers of the vehicles. Specifically, the Court concluded that the lack of forensic evidence, i.e., the lack of skid marks, scuff marks, or other physical evidence, made Hannah's opinions regarding the pre-impact maneuvers of the vehicles speculative. As such, the Court excluded Hannah's testimony regarding the drivers' pre-impact maneuvers.

The Court reserved its ruling on whether Hannah would be permitted to offer his opinion as to the pre-impact speeds of the vehicles. The defendants argue that Hannah's testimony as to this issue should be excluded because his opinion is not based on techniques and principles generally accepted by practitioners in the field of accident reconstruction. In computing the parties'

pre-impact rates of speed, Hannah employed the drag sled method. From the testimony offered during the Daubert hearing, the Court finds that, although the drag sled method may not be the most technical method available to an accident reconstructionist, it nevertheless is a method accepted in the field. The defendants will be allowed to explore the weight to be given to Hannah's calculations through cross-examination and presentation of their own expert witness at trial.

The Court also finds that there is insufficient evidence to support Hannah's opinion that the defendant Kenneth Thomas was in a better position than the plaintiff to avoid the collision. Formulation of this opinion requires knowledge of the pre-impact positions and maneuvers of the vehicles, which this Court already has decided are not discernable from the physical evidence. Therefore, this portion of Hannah's opinion will be excluded.

In sum, Hannah will be permitted to testify at trial only as to the condition of the roadway, the estimated speed of each driver, the post-impact maneuvers as they are supported by the physical evidence, and the post-impact condition of the vehicles. Any other testimony is inadmissible.

Expert Testimony of William Messerschmidt

The plaintiff also seeks to introduce the expert testimony of William Messerschmidt to show that the brake system on the bus was not in proper working order at the time of the accident. The

defendants have moved to exclude the testimony of Messerschmidt, which pertains solely to the functionality of the bus's brake system, on the basis that it is irrelevant to any of the issues in this case. Considering that the issue herein is which party caused the accident by crossing into the other party's lane of traffic, the Court does not find any testimony about the working order of the bus's brake system to be relevant. The defendants' motion is well-taken.

Equipment Information Report

Also before the Court is the plaintiff's motion to exclude an Equipment Information Report which contains information pertaining to the maintenance of the bus's brake system. Since the Court has concluded that the brake system is irrelevant in this case, the plaintiff's motion too is well-taken. Accordingly,

IT HEREBY IS ORDERED that the defendants' Motion to Exclude Expert Testimony of James Hannah [docket entry no. 67] is GRANTED IN PART AND DENIED IN PART as outlined herein.

IT IS FURTHER ORDERED that the defendants' Motion to Exclude Expert Testimony of William Messerschmidt [docket entry no. 65] is GRANTED.

IT IS FURTHER ORDERED that the plaintiff's Motion in Limine [docket entry no. 78] to exclude the Equipment Information Report is GRANTED.

SO ORDERED AND ADJUDGED, this the 10th day of June 2009.


                                              <u>     s/ David Bramlette     </u>
                                              UNITED STATES DISTRICT JUDGE